Date signed August 19, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TATIANA YEFIMOVA | : | Case No. 08-20049PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| LYUDMILA RYBAKOVA | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 08-0819PM |
| | : | |
| TATIANA YEFIMOVA | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Following Plaintiff's filing of a motion for a default judgment, the court entered an order on March 31, 2009, determining the debt owed by Tatiana Yefimova ("Debtor" or "Defendant") to Plaintiff to be non-dischargeable under 11 U.S.C. § 523(a) and entering judgment in the amount of $60,000.00 against the Debtor. The Debtor thereafter filed a timely motion to set to aside this judgment. After several continuances sought by the parties, the matter finally came on for hearing before the court on August 4, 2010, at which time the court heard argument from counsel for the Defendant. Counsel for the Plaintiff did not appear for the hearing. She had filed an untimely motion to continue the matter that was denied, as was a motion to reconsider that order to continue that was filed the day after the hearing.

This Motion to Set Aside Judgment (the "Motion") was filed by counsel for the Defendant following the referral of a Complaint by Defendant against him to the Attorney

Grievance Commission of Maryland.  The Motion is grounded in long-standing Fourth Circuit authority that a client should not be disadvantaged by the neglect or procedural errors of counsel. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (CA4 1988); *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 (CA4 1997).  *See also Hyde v. CBSI*, 2004 WL 556576, at *1 (D. Md. March 22, 2004). The Fourth Circuit recently restated its "long-held view that Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'"  *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 2010 WL 3042441, at *6 (CA4 August 5, 2010) (internal citation omitted).  In considering whether to vacate the default, the court finds that granting the Motion will cause no cognizable prejudice to the Plaintiff.  All she need do is prove the Defendant's liability, "a burden every plaintiff assumes in every civil action filed in a federal court." *Id*. at *4.  Counsel admittedly neglected his client's case.  From the record before the court, it appears that the Defendant is blameless in this debacle, and her failure to file a timely answer to the Complaint was due to excusable neglect, that is, the negligence of her attorney.

Debtor's counsel exhibited a degree of ineptitude that astounds the court. This bankruptcy petition was the second petition filed by this attorney on Debtor's behalf.  The first, Case No. 08-11997, was dismissed on account of counsel's failure to submit a filing fee and to file Official Form 21 that, pursuant to Bankruptcy Rule 1007(f), is required to be submitted with the petition to provide notice of Debtor's social security number.  Nothing can be more basic than these two prerequisites to the filing of a bankruptcy case.  The dismissal of the first case results in the termination of the stay of 11 U.S.C. § 362(a) in a subsequent case filed within one year of that dismissal, unless affirmative action is undertaken within 30 days of the filing of the subsequent case that allows the court to enter an order continuing the stay.  Needless to say, Debtor's counsel took no such action to cause the implementation of the automatic stay.

Next, the Rule 2016(b) Statement of Disclosure of Compensation reflects that counsel undertook the instant case without receiving any fee prior to the filing of the petition.  The result is that the Debtor's obligation to pay pre-petition fees was discharged.  Any attempt to collect these attorneys' fees after the filing of the petition would be a violation of the automatic stay. *See generally Rittenhouse v. Eisen*, 404 F.3d 395 (CA6 2005); *Bethea v. Robert J. Adams and Assocs.*, 352 F.3d 1125 (CA7 2003); *In re Biggar*, 110 F.3d 685 (CA9 1997).

Finally, and most illustrative of counsel's lack of experience in handling bankruptcy cases, was his undertaking to represent the Debtor throughout the case in all matters, including

adversary proceedings and contested matters, for no additional fee.  Even had the $1,000.00 fee charged been paid in advance, that fee represents a sum somewhat less than that generally charged by counsel in this area for handling the most simple cases under Chapter 7.  Grafting responsibility for adversary proceedings and contested matters to that minimal fee exemplifies the inexperience of counsel.

The affidavit that the Debtor submitted with the Motion to Set Aside Judgment contains a meritorious defense that counsel could have asserted to the Complaint, namely, that Debtor has paid $45,000.00 of the $60,000.00 claim since the money was borrowed.  Counsel urges that this failure to credit Debtor for these payments amounts to fraud on the court.  Plaintiff's unverified response to the Motion denies this allegation.

In light of the Fourth Circuit's general preference that a blameless litigant not be disadvantaged by an attorney's neglect and the glaring neglect exhibited by counsel here, the court will grant the Motion to Set Aside Judgment, pursuant to Bankruptcy Rule 9024, that makes Fed. R. Civ. P. 60 applicable to adversary proceedings, and set the matter for further proceedings.  However, given the circumstances described above, the court will require the Debtor's counsel to refund all funds received by him from the Defendant, other than those funds received for reimbursement of his payment of the filing fee.

Finally, Debtor must file an answer to the Complaint within twenty-eight (28) days from the entry of the Order granting the Motion.  Her failure to do so will result once again in an Entry of Default.

cc:
Vladimir I. Gvozd, Esq., 4800 Hampden Lane, Suite 200, Bethesda, MD 20814
Natasha V. Rossbach, Esq., 1338 Sulphur Spring Road, Baltimore, MD 21227

**End of Memorandum**