Date signed December 13, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TATIANA YEFIMOVA | : | Case No. 08-20049PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| LYUDMILA RYBAKOVA | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 08-0819PM |
| | : | |
| TATIANA YEFIMOVA | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This adversary proceeding was filed on November 16, 2008, as a Complaint seeking the denial of the Debtor's discharge under an unspecified section of 11 U.S.C. § 727 and the declaration that an unscheduled claim in the amount of "approximately" $60,000.00 is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). Although more than three years have elapsed since its filing and the docket reflects over 170 entries, this case is no closer to being ready for trial than the day that it was filed. Seldom has the court encountered a case with more examples of failures to follow the basic procedural rules governing trials. The docket is replete with evidence of defaults, missed hearings, discovery disputes, altered exhibits, untimely requests for continuances and other derelictions of counsel for both parties. Although the attorneys currently representing the litigants are not the original lawyers involved, they have as well demonstrated their sincere desire to ignore the Maryland State Bar Association Code of

Civility attached to the Local Rules of this court as Appendix E so as to continue the discipline of doing all in their power to prevent this case from being tried.

To bring this matter to a conclusion, the court issued a final Scheduling Order setting the trial for April 24-25, 2012. In an effort to bring matters to a head and to clear the record to accommodate replacement counsel, the court entered Orders on September 15, 2011, that reopened the discovery window through March 9, 2012; denied all pending motions other than Defendant's Motion for Sanctions and for Dismissal, and set that Motion for hearing on November 17, 2011. This matter is currently before the court.

In the tradition that this case manifests, on November 16, 2011, the Plaintiff filed an Opposition (D.E. #169) to Defendant's Motion for Protective Order (D.E. #165), and a Motion to Compel the Defendant to appear for a deposition and for sanctions (D.E. #170), and the Defendant filed a Motion to Compel Discovery and for Sanctions (D.E. #171).

Defendant's Motion for a Protective Order either ignores or is oblivious to the mandate of Administrative Order 03-02, adopted April 4, 2003. That order provides in pertinent part:

> III. Registration
>
> D. *Notice - Waiver and Consent -* Full Participants must maintain a current e-mail address. Registration as a Full Participant constitutes: (1) waiver of the right to receive notice by first class mail and consent to receive notice electronically; and (2) waiver of the right to service by personal service or first-class mail and consent to electronic service. Waiver of service and/or notice by first-class mail applies to notice of entry of an order or judgment under Fed. R. Bankr. P. 9022.

The court is not willing at this point to excuse a party from accepting discovery served electronically in full compliance with the Administrative Order and will deny the Motion for a Protective Order. In so doing, the court will moderate sanctions in the belief or perhaps hope that the Defendant and her lawyers were acting out of ignorance and not in bad faith. Therefore the court will impose sanctions upon the Defendant in the sum of $375.00, payable to the Plaintiff for this misconduct. To avoid another unnecessary dispute, the court will remove the limit on interrogatories of Local Bankruptcy Rule 7026-1(a) and permit the parties to serve up to 150 interrogatories.

With respect to the Motion for Sanctions, the court is not convinced that the actions by the witness Gurvitch can be laid directly at the feet of the Plaintiff or her attorneys and that his action may be considered - in basketball parlance - "no harm, no foul." The court does not believe that

his actions require dismissal or any similar sanction.

      The discovery matters filed on November 16, 2011, will not be considered by the court in the absence of the required certifications of Local Rule 7026-1(f).  The parties are admonished that when and if these matters come before the court, the court will impose monetary sanctions upon the losing party with a heavy hand on counsel.  Moreover, considering the history of this case, it would not surprise the court were it to impose sanctions on both sides.

      An appropriate order will be entered.


cc:
Dmitry D. Balannik, Esq., 715 Rolling Fields Way, rockville, MD 20850
Marvin Liss, Esq., 5101 Wisconsin Avenue, NW, Suite 302, Washington, DC 20016
Mark Kotlarsky, 7400 Heartleaf Circle, Laurel, MD 20707


**End of Memorandum**